UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAMIE DAVIS**

          Plaintiff,

vs.                                        Civil No.

**HARPER HILL & ASSOCIATES, INC.**

          Defendant(s).     /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JAMIE DAVIS, by and through the undersigned counsel, brings this action against Defendant, HARPER HILL & ASSOCIATES, INC., and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for retaliation under 29 U.S.C. § 215(a)(3) and for violations of the Families First Coronavirus Response Act ("FFCRA"), 29 CFR 826.

2. This Court has subject matter jurisdiction under 28 U.S.C § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all the events giving rise to these claims occurred in Volusia County, Florida.

## **PARTIES**

4. Plaintiff is a resident of Volusia County, Florida.

5. Defendant is a Florida corporation in the business of providing insurance sales and services and has an office and place of business in DeLand, in Volusia County, Florida.

## **GENERAL ALLEGATIONS**

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorney and agreed to pay him for a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA and thus was an "employee" under the FFCRA.

10. At all times material hereto, Plaintiff was an "eligible employee" within the meaning of the FFCRA.

11. At all times material hereto, Plaintiff was employed at least 30 calendar days by Defendant.

12. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. §203(d).

13. Defendant continues to be an "employer" within the meaning of the FLSA.

14. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

15. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

16. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

17. At all times material hereto, Defendant was an "employer" within the meaning of the FFCRA.

18. At all times material hereto, Plaintiff was engaged in commerce or was engaged in activity affecting commerce.

19. At all times material hereto, Defendant was a private entity employing fewer than 500 employees.

## FACTS

20. Plaintiff began working for Defendant on or around July 21, 2019, and she worked in this capacity until on or around October 21, 2020.

21. In or around October 21, 2020, Plaintiff asked Defendant if she could take paid leave because she was experiencing COVID-19 symptoms and seeking a medical diagnosis.

22. Defendant failed to respond to Plaintiff's request in regard to her benefits under FFCRA at first.

23. On or around October 21, 2020, Defendant terminated Plaintiff's employment upon her request for paid leave.

24. Defendant retaliated against Plaintiff for pursuing her rights under the FLSA and the FFCRA by terminating her employment.

25. Defendant's actions were willful and showed reckless disregard for the provisions of the FLSA and the FFCRA.

26. At all times material to this action Defendant was a private employer of fewer than 500 employees and did not qualify for an exemption to the FFCRA.

## COUNT I-FLSA RETALIATION

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Compliant, as though fully set forth herein.

28. By pursuing her rights under the FFCRA, Plaintiff engaged in protected activity under the FLSA.

29. By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

30. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C § 255(a).

31. Plaintiff was injured due to Defendant's violations of the FLSA.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction of the case;

(c) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FLSA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Compensatory damages, including emotional distress, allowable at law; and

(f) For such further relief as this Court deems just and equitable.

## COUNT II-FFCRA RETALIATION

32. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

33. Plaintiff had requested paid leave because she was experiencing COVID-19 symptoms and seeking a medical diagnosis.

34. By requesting paid leave due to Plaintiff's inability to work as a result of her seeking a medical diagnosis related to COVID-19, Plaintiff engaged in protected activity under the FFCRA.

35. By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FFCRA.

36. The foregoing conduct, as alleged, constitutes a willful violation of the FFCRA.

37. Plaintiff was injured due to Defendant's violations of the FFCRA.

    (a) A jury trial on all issues so triable;

    (b) That process issue and that this Court take jurisdiction of the case;

    (c) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FFCRA;

    (d) Compensation for lost wages, benefits, and other remuneration;

    (e) Compensatory damages, including emotional distress, allowable at law; and

    (f) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trail by jury as to all issues so triable.

Dated this _3rd_ day of February, 2021.

                                         Respectfully submitted,

                                         /s Matthew E. Romanik, Esq.

MATTHEW E. ROMANIK, B.C.S.
Fla. Bar No.: 0062588
Hassell-Legal, P.A.
1616 Concierge Blvd., Ste 100
Daytona Beach, FL 32117
(386) 238-1357-Phone
(386) 258-7406- Facsimile
Attorney for Plaintiff
Mattr@hassell-legal.com
kimr@hassell-legal.com

### **Certificate of Compliance**

I CERTIFY that this motion, is submitted in an acceptable front at least 13-point font, in compliance with the requirements of Local Rules of US District Court for the Middle District of Florida1.08(a) and (b).

/s/Matthew E. Romanik
Matthew E. Romanik, B.C.S.
Florida Bar No.: 0062588